# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50002 | **DATE** | 5/9/2002 |
| **CASE TITLE** | Roland vs. Mushin, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the motion for summary judgment filed by defendants Snyder, Sternes, and Drew, is granted. These defendants, as well as Count II of plaintiffs' second-amended complaint, are hereby dismissed without prejudice. The court also orders the remaining parties to schedule a settlement conference with the Magistrate Judge within the next 30 days; plaintiff is to appear personally.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAY 13 2002 date docketed | 35 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | CLERK | | |
| X | Copy to judge/magistrate judge. | 02 MAY 10 PM 3:56 | 5-10-02 date mailed notice | |
| /LC | courtroom deputy's initials | FILED-WD Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Dwayne Eddie Roland, has filed a two-count second-amended complaint against various defendants, including, as is relevant to this order, Donna Drew, Jerry Sternes, and Donald Snyder, all of whom are sued in their individual capacities as the Administrator of Medical Services at the Dixon Correctional Center ("Dixon"), the warden at Dixon, and the Director of the Illinois Department of Corrections, respectively. In Count II of his complaint, Roland seeks to hold these three defendants (referred to collectively as the "prison administrators") liable under 42 U.S.C. § 1983 for their part in inadequate medical care he allegedly received while an inmate at Dixon. Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1391. Before the court is the prison administrators' motion for summary judgment, filed pursuant to Fed. R. Civ. P. 56.

Although the court has serious doubts about the substance of Roland's claim against the prison administrators, it need not get that far because it finds Roland has not exhausted his administrative remedies with respect to that claim, as required by 42 U.S.C. § 1997e(a). Roland does not at all dispute this claim is subject to the exhaustion requirement, but argues instead that he has in fact exhausted his administrative remedies. On May 30, 2000, Roland filed an internal grievance with Dixon, essentially complaining that three prison doctors – Drs. Mushin, Mesrobian, and Lamere (referred to collectively as the "medical providers") – did not provide him with adequate medical treatment. (Sec. Am. Compl. ¶ 17 & Exh. A) Roland eventually took this grievance as far as he could up the administrative ladder – to the Illinois Department of Corrections Administrative Review Board, which denied his grievance on November 13, 2000.

Thus, while it appears Roland fully exhausted his administrative remedies as to this grievance, the problem is that it does not mention any of the prison administrators. In fact, Roland leaves unrebutted their evidence that he never filed a grievance mentioning them with regard to medical care he received at Dixon.[2] (LR 56.1(a) ¶ 14) And Roland's complaint makes clear his claim against the prison administrators is entirely separate from the one against the medical providers. In Count I, Roland essentially alleges the medical providers misdiagnosed him as a diabetic and "impos[ed] upon him an unnecessary course of medical treatment." (Sec. Am. Compl. ¶ 21) Count II, on the other hand, is brought solely against the prison administrators and, as Roland himself insists, has nothing to do with these defendants rendering improper medical care. (Pl. Resp., p. 5) Instead, Count II is based on the theory that the prison administrators had "policies, practices, and procedures" of failing to supervise and train the medical providers and of "fail[ing] to determine" whether the medical providers "were in fact providing appropriate medical services to inmates." (Sec. Am. Compl. ¶¶ 26-27) Roland further describes these allegations in various ways, such as a "failure to train and properly supervise," turning a "blind eye," and a "systematic problem in which each of the Prison Administrators is involved and could reasonably be expected to know of or participate in." (Pl. Resp., p. 5) Yet he never mentioned any of this, or any of the prison administrators, in his grievance against the medical providers.

Tacitly acknowledging this, Roland relies on the fact that both Snyder and Sterns signed off on letters denying his grievance against the medical providers at different levels of the administrative review process, and further claims Drew "admits that she became aware of [his] concerns." (Id., p. 4). Given this evidence of the prison administrators' "actual knowledge" of his complaints about the medical care, Roland suggests he has satisfied § 1997e(a) because, even though the prison administrators were not named in the body of his grievance, "each of the claims set forth against the various defendants specifically relate to the substance of [his] grievance." (Id.) The court sees at least two reasons for rejecting this argument. The first is Curry v. Scott, 249 F.3d 493 (6th Cir. 2001), where the court held that, even assuming a prison official named as a defendant in a prisoner's law suit but not named in the prisoner's grievance was nevertheless aware of his respective role in the incident complained of, § 1997e(a) still requires the prisoner to "file a grievance against the person he ultimately seeks to sue." Id. at 504-05; cf. Smith v. Zachary, 255 F.3d 446, 452 (7th Cir. 2001) ("substantial compliance" exception to exhaustion requirement applies only when prisoner's claim arises before April 26, 1996, the effective date of § 1997e(a)). Other courts in the Northern District of Illinois are of like effect. See Buck v. Briley, No. 01 C 1153, 2001 WL 619523, at *3 (N.D. Ill. May 23, 2001) (prisoner must exhaust administrative remedies "with respect to each claim"); Rhoden v. Detella, No. 95 C 6585, 1996 WL 556975, at *3 n.2 (N.D. Ill. Sept. 27, 1996) (prisoner must fully exhaust administrative remedies "as to each claim presented"). Because Count II is, as discussed above, a "separate claim, against [] separate individual[s], premised on a separate and independent legal theory," Curry, 249 F.3d at 505, Roland was required to grieve it the same way he did his claim against the medical providers. Second, and more generally, Roland's theory that the exhaustion requirement is satisfied so long as the claims against the defendants not named in the grievance relate to the "substance" of the grievance is contrary to both the Supreme Court's and Seventh Circuit's strict enforcement of § 1997e(a) in recent months. See Porter v. Nussle, 534 U.S. 516, --, 122 S. Ct. 983, 992 (2002) (holding that "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); Booth v. Churner, 532 U.S. 731, 734 (2001) (holding that prisoner seeking only money damages must exhaust administrative remedies even if those remedies do not provide for monetary relief); Pozo v. McCaughtry, -- F.3d --, No. 01-3623, 2002 WL 596190 (7th Cir. Apr. 18, 2002) (holding that prisoner's failure to take a timely administrative appeal within the state system means that he has not exhausted his state remedies for purposes of § 1997e(a)). In light of this authority, the court finds Roland has failed to exhaust his administrative remedies as to the prison administrators.

For the reasons stated above, the prison administrators' motion for summary judgment is granted. Defendants Drew, Sternes, and Snyder, as well as Count II, are hereby dismissed without prejudice.

---

[1] This nomenclature, as well as the reference infra to the "medical providers," is taken from Roland's complaint.

[2] By not responding to the prison administrators' Local Rule 56.1(a) statement of facts, Roland has admitted for purposes of summary judgment all of the facts contained therein that are supported by the record. See N.D. Ill. R. 56.1(a).